UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NORTH PLAINS SYSTEMS CORP.

                Plaintiff,

  -against-

LIVID MEDIA LLC,

                Defendant.
------------------------------------------------------------------X

Civil Action No.: 08-CV-00412

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT LIVID MEDIA LLC

                                      KAUFMAN BORGEEST & RYAN LLP
                                      Attorneys for Plaintiff,
                                      NORTH PLAINS SYSTEMS CORP.
                                      99 Park Avenue, 19th Floor
                                      New York, New York 10016
                                      Telephone No.: (212) 980-9600
                                      KBR File No.: 860.173

Of Counsel:

    Jonathan B. Bruno
    Richard A. Pretti

**PRELIMINARY STATEMENT**

Plaintiff North Plains Systems Corp. (hereinafter "North Plains" or "Plaintiff") respectfully submits this memorandum of law in support of its motion for default judgment against defendant Livid Media LLC (hereinafter "Livid") under Fed. R. Civ. P. 55(b)(2) and Local Civil Rule 55.2(b).

**BACKGROUND**

Plaintiff is in the business of providing digital asset management solutions to various businesses' rich media assets, such as pictures, video and audio. Plaintiff has created a technology ("Software") which it uses as a platform to provide solutions to its various clients' rich media management issues. On July 13, 2007 Plaintiff and Defendant entered into a Master License and Services Agreement ("MLSA"), by which Plaintiff agreed to grant Defendant a license to use Plaintiff's Software during the term of the MLSA. See Exhibit A of North Plains' Complaint (hereinafter "Plf's Comp."), annexed to the Declaration of Richard A. Pretti (hereinafter "Pretti Decl.) as Exhibit B. The MLSA includes a provision for Plaintiff's recovery of the costs of collection, including courts costs and reasonable attorney's fees, and for interest from the invoice date/s of the lesser of: (a) 1.5% per month, or (b) the highest rate permitted by law. See Plf's Comp. ¶ 6, Ex. A. Plaintiff provided a number of products and services to Livid pursuant to the MLSA, including documentation to facilitate the use of the Software as well as maintenance and support services. Plaintiff also provided professional services in connection with the Software, including implementation, consulting, analysis and training, the details of which were set forth in the MLSA. See Plf's Comp. Ex. A.

In consideration for the Software licenses, maintenance services, and professional services, Livid agreed to pay Plaintiff the fees set forth in the MLSA in accordance with the

701809

2

agreed upon payment terms. <u>See</u> Plf's Comp. ¶ 10, Ex. A. Plaintiff has provided Livid with invoices for Plaintiff's Software licenses, customer service and professional services rendered to Defendant, totaling $157,934.54. <u>See</u> Plf's Comp. Exs. B-C.

In a breach of the express terms of the contract between Plaintiff and Livid, Livid has failed to make payment on the invoices by their due dates. Plaintiff granted several extensions as a courtesy before following through on its expressed intent to commence litigation. <u>See</u> Plf's Comp. Exs. D-F. To date, Plaintiff has not received payment on its outstanding invoices to Livid. The accrued interest on the outstanding balance as of the date of Plaintiff's Complaint was calculated to be $13,332.46. <u>See</u> Plf's Comp. Ex G. Moreover, Plaintiff has expended $11,340.93 in attorneys' fees to recover the balance it is owed. <u>See</u> Pretti Decl. Ex. C. The MLSA clearly provides, "in any action or proceeding to enforce rights under this Agreement, the prevailing party will be entitled to recover reasonable costs and attorneys' fees." <u>See</u> Pretti Decl. ¶ 9, Ex B.

## **ARGUMENT**

In deciding a motion for default judgment, the Court must consider the following three factors: (1) "whether the defendant's default was willful; (2) whether defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." <u>Mason Tenders Dist. Council v. Duce Constr. Corp.</u>, 2003 U.S. Dist. LEXIS 6881, at *2 (S.D.N.Y., Apr. 25, 2003) (Swain, J.).

These factors all weigh heavily in favor of granting Plaintiff's motion. First, with regard to the question of whether the defendant's default was willful, the defendant's non-appearance in this action and failure to respond to the complaint despite personal service on the defendant's own registered agent indeed reflects a willful disregard of the need to provide a response under

701809                                          3

the Federal Rules of Civil Procedure. See Pretti Decl. Ex D. After serving the complaint upon Livid, on March 12, 2008, our office spoke with an employee at Livid who advised that he would have the appropriate person who handles legal matters return our call. We never received a call back. That same week, this office also called Livid's New York office, which was forwarded directly to a phone number for Livid's President, Charles Vaughn. We left a detailed voicemail indicating that we were calling regarding an action commenced by North Plains against Livid, but again did not receive any response. See Pretti Decl. ¶ 11.

Furthermore, the defaulting defendant is an active limited liability corporation and thus cannot claim to be unfamiliar with the process of receiving and responding to a summons and complaint. Finally, it has been over a month since Plaintiff effectuated service on Livid. See Pretti Decl. Ex. D. If Livid's failure to respond within the time set forth in the Federal Rules of Civil Procedure was inadvertent or merely due to its carelessness, they have since had ample time in which to rectify its error. In light of all of these factors, Livid's non responsiveness can only be considered willful.

Secondly, with regard to the question of whether the defendant has a meritorious defense to Plaintiff's claims, Livid's own actions preclude it from having any meritorious defenses. By failing to answer or otherwise respond to the complaint, the allegations are deemed admitted. Au Bon Pain v. Artect, Inc., 653 F.2d 61 (2d Cir. 1981); Fed. Trade Comm'n v. Kitco of Nevada, Inc., 612 F. Supp. 1282 (D.C. Minn. 1985) ("When the Court determines that a defendant is in default, the factual allegations of the complaint are taken as true, and this rule applies whether the complaint seeks legal or, as in this case, equitable relief."). Livid's President, Charles Vaughn admitted to Plaintiff via email on November 7, 2007 that there was a delay in payment on the outstanding invoices and provided assurances that payment would be made by the "end of

701809                                     4

the week." See Plf's Comp. Ex. F. Livid's failure to make payment for the products and services provided to it, despite its agreement to do so under the MLSA, continues to damage Plaintiff, as Livid still has access to Plaintiff's Software without having obtained a valid license for its use. Livid has no meritorious defense to its failure to make payment and its subsequent failure to respond to Plaintiff's Complaint, which seeks the aforementioned payment.

Thirdly, with regard to the question of the level of prejudice the non-defaulting party would suffer as a result of the denial of its motion, Plaintiff continues to suffer damages as defendant has still not paid the amounts outstanding on its invoices. Plaintiff has provided extensive services to defendant without any compensation thus far. Livid should not be able to evade judgment and continue to benefit from Plaintiff's products and services without providing the payment which it agreed to by contract.

## CONCLUSION

For the foregoing reasons, North Plains' motion for default judgment as against Livid Media LLC should be granted.

Dated: New York, New York
April 3, 2008

Respectfully Submitted,

KAUFMAN BORGEEST & RYAN LLP

By:   Richard A. Pretti
      Jonathan B. Bruno
Attorneys for Plaintiff,
NORTH PLAINS SYSTEMS CORP.
99 Park Avenue, 19th Floor
New York, New York 10016
(212) 980-9600
File No.: 860.173